974 F.2d 1338
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jennifer C. MILLER, Plaintiff-Appellant,
v.
ST. ELIZABETH HOSPITAL MEDICAL CENTER, Humility of Mary
Health Corporation, Defendants-Appellants.
 No. 91-3895.
 United States Court of Appeals, Sixth Circuit.
 Sept. 3, 1992.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Jennifer Miller, appeals the dismissal of her suit based on alleged violations of Title VII, the Age Discrimination in Employment Act, and the Equal Pay Act. Miller, a black female formerly employed as a laboratory administrator by one of the defendants,[1] had also brought state law claims predicated on breach of contract and promissory estoppel. Defendants' summary judgment motion was supported by affidavits and accompanying exhibits demonstrating that Miller had been fired for poor performance--not because of race or age discrimination[2]--and that she had no employment contract and had not been promised a just-cause termination status. Defendants also directed the district court's attention to Miller's failure to identify within the defendant hospital any comparable jobs with higher pay.
 
 
 2
 Miller's attorney submitted nothing in response to defendants' motion other than a motion, filed just eight days before the court-imposed deadline for responses to dispositive motions, requesting permission to withdraw from the case. The court's decision to grant summary judgment (and deny the withdrawal motion) did not turn solely on plaintiff's failure to respond to defendants' motion, but was also based on a consideration of defendants' substantive arguments contesting all of Miller's claims.
 
 
 3
 Miller's appeal brief fails to identify any issues for review. She makes no legal or factual arguments directed to the bases on which defendants sought summary judgment. Instead, she devotes her entire appeal brief to accusing defendants (and a court reporter) of impeding her efforts to compile a record from which to demonstrate the existence of genuine issues of material fact.
 
 
 4
 We affirm the grant of summary judgment, and write briefly only to highlight the disturbing factual history giving rise to our decision.
 
 I.
 
 5
 Miller's primary complaint is that defense counsel "refused to return" certain exhibits--which she now claims she would have used to support a motion opposing summary judgment--and that he advised hospital personnel not to appear for their depositions. Miller also claims that the court reporter who transcribed Miller's deposition has withheld that document from her. While Miller does not expressly ascribe any evil motive to the reporter, she insinuates that the reporter's allegedly wrongful conduct is related to "defense counsel's subterfuge."[3]
 
 
 6
 Defendants' brief, to which Miller has submitted no reply, provides a markedly different version of the events. Regarding his so-called "failure to return" Miller's exhibits, defense counsel explains that during one of his depositions of Miller, her lawyer finally produced certain requested documents. As defense counsel then questioned her about the documents, he learned that nearly all were the property of defendant hospital and that she had neglected to return them when she was fired. Defense counsel then stated that he would retain them but, at his opponent's request, he returned them to plaintiff's lawyer so that the latter could make copies. One week later, plaintiff's lawyer returned the documents to defense counsel, presumably after having made duplicates. Plaintiff's lawyer never again sought return of the documents nor even mentioned them--until now, when he claims that defense counsel's "failure to return them" prevented him from responding to the summary judgment motion.
 
 
 7
 As for defense counsel's purported efforts to obstruct plaintiff's deposition of certain witnesses: On June 28, 1991, the discovery deadline, plaintiff's lawyer served him with deposition notices scheduled for July 10 and 11, 1991.[4] The district court had warned counsel that no discovery extensions would be permitted except upon motion granted. Two days earlier, on June 26, 1991, the court had denied plaintiff's request for an order extending the discovery deadline. Defense counsel therefore justifiably informed his adversary that no depositions would be taken in July.
 
 
 8
 Nor, as it turns out, has there been any collusion between defense counsel and the court reporter. Plaintiff's attorney has been, as he puts it, "denied access" to the transcript of defendants' deposition of Miller. The reporter's intransigence, however, stems from plaintiff's failure to pay for the transcript. According to defendants, and undisputed by plaintiff, Miller's check for the first two parts of the transcript was returned for insufficient funds. The reporter has since insisted on cash and, having received none, she has held onto her work product.
 
 
 9
 We note that plaintiff's attorney does possess some portion of the transcript, as is evident from his attempt to attach excerpts to the first appeal brief he submitted to this court. The court clerk apparently returned this brief because the deposition had not been made part of the district court record.[5]
 
 II.
 
 10
 Further recitation of the history of this case is unnecessary. Suffice it to say that the dereliction on the part of plaintiff's counsel is amply manifest. Even if he were to challenge defendants' explanation of the facts--which he does not--he failed to take even the minimal step of responding to the summary judgment motion with an affidavit indicating that the motion was premature in light of defendants' (and the court reporter's) allegedly wrongful actions. Fed.R.Civ.P. 56(f).
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 Although there are two named defendants, St. Elizabeth Hospital and Humility of Mary Health Care Corporation, Miller on appeal does not dispute defendants' claim that Miller was employed only by the defendant hospital and never by the defendant health care corporation
 
 
 [2]
 In any event, as defendants pointed out to the district court, Miller failed to allege any wrongdoing with respect to her ADEA claim. Even her amended complaint states only that defendants "are employers in an industry affecting interstate commerce within the meaning of the [ADEA]" and that they had employed "twenty (20) or more employees for each working day...."
 
 
 [3]
 We note in passing that the only valuable text she identifies in her "withheld" deposition is her testimony that a certain doctor had recounted to her the statement of another doctor who claimed to have heard that Miller's firing was race-related. Miller does not indicate whether this evidence could have been reduced to admissible form at trial
 
 
 [4]
 Plaintiff's lawyer also apparently attempted to serve subpoenas on these would-be deponents by dropping them on a desk in the defendant hospital, even though several of those persons were no longer employed at the hospital
 
 
 [5]
 The record reveals that plaintiff's appeal suffered from additional defects. Although she secured several extensions, she failed to submit her appeal brief on time and her appeal was dismissed for want of prosecution. Her motion to reinstate was eventually granted, over defendant's objection